IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONIQUE PONCHO-ALDERETE,

      Plaintiff,

v.                                                        No. 1:22-cv-00153-JHR

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 28, 2022.

Plaintiff makes vague, conclusory allegations that:

> Upon years of discrimination as an employee for this agency I suffered abuse such as humiliation, defamation of my character, discriminated against my family by association of me, chronic harassment, mental and physical health decline, basic right to have a stress free work place, judgement of me to eliminate any kind of promotion or retaining me as an employee, etc. This treatment happened until I almost lost my life while working in this office. Shortly after my career came to an end because I didn't feel I could medically handle the constant mistreatment and keep my life.

Complaint at 2. Plaintiff asserts claims regarding "civil rights, right to fair workplace as a disabled person, privacy rights, right to a fair disability process, potential jail time/fines, continued emotional distress, defamation, malicious negligence, invasion of privacy, trespassing, harassment, ... tort claim." Complaint at 3. Plaintiff attached to her Complaint a letter from the Social Security Administration ("SSA") denying her administrative tort claim pursuant to the Federal Tort Claims Act ("FTCA") and indicating Plaintiff's tort claim accrued on June 18, 2019, and was received by SSA on July 1, 2021. *See* Complaint at 7.

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 Fed.Appx. 773, 775 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's Section 1983 claims against the United States for lack of subject matter jurisdiction).  Because Plaintiff, who is proceeding *pro se*, asserts claims based on the actions of federal employees, the Court construes her Complaint as asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Ashcroft v. Iqbal*, 556 U.S. at 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

The Complaint fails to state a *Bivens* claim against SSA.  A "*Bivens* claim can be brought only against federal officials in their individual capacities.  *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).  The Complaint also fails to state a *Bivens* claim against the Social Security Administration officials because the Complaint does not state with particularity what each official did to Plaintiff and when the official committed the actions.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief can be based").

Plaintiff also asserts a tort claim against Defendant SSA pursuant to the FTCA.  *See* Complaint at 3.  The Court lacks jurisdiction over Plaintiff's tort claim against SSA because "[t]he United States is the only proper defendant in a federal tort claims action" and Plaintiff has not named the United States as a defendant.  *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

The Court will allow Plaintiff to file an amended complaint.  The Court notes, however, that it appears that a tort claim in the amended complaint pursuant to the FTCA based on the facts in the original Complaint would be barred.  "A tort claim against the government ... is 'forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues.'"  *Bayless v. United States*, 767 F.3d 958, 964 (10th Cir. 2014) (quoting 28 U.S.C. § 2401(b)).  The original Complaint indicates that the acts Plaintiff complains of occurred on or before June 18, 2019, and that SSA did not receive Plaintiff's tort claim until July 1, 2021, which is more than two years after the date of accrual.  *See* Complaint at 2-3, 7.

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*.  *See* Doc. 5, filed March 2, 2202 (granting motion for leave to proceed *in forma pauperis*).  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see*

*also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Order for Service**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) ("The court must [order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). The Court will not order service at this time because the Complaint fails to state a claim over which the Court has jurisdiction. The Court will order service if: (i) Plaintiff timely files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**