## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MONIQUE PONCHO-ALDERETE,

     Plaintiff,

v.                                                                   Civ. No. 22-0153 KK/JHR

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

     Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO ACCEPT LATE REQUEST TO ALLOW ADDITIONAL PLAINTIFFS TO THIS CASE

     THIS MATTER comes before the Court on Plaintiff Monique Poncho-Alderete's Motion to Ask the Court to Accept Late Request to Allow Additional Plaintiffs to this Case ("Plaintiff's Second Motion to Join Plaintiffs"), filed October 25, 2022 (Doc. 38), and Plaintiff's "Request for Motion to Leave to Reply" ("Motion for Leave to Reply") filed April 5, 2023 (Doc. 54). Defendant Commissioner Kilolo Kijakazi filed a response in opposition to Plaintiff's Second Motion to Join Plaintiffs on October 27, 2022. (Doc. 39.) In her Motion for Leave to Reply, Plaintiff seeks leave to file an untimely reply in support of her Second Motion to Join Plaintiffs and explains that she was previously "unaware that a reply could be made" until the issue of a reply brief was discussed at a status conference held by The Honorable Jennifer Rozzoni on March 27, 2023. (Doc. 54.) Within her Motion for Leave to Reply, Plaintiff provides the substance of her reply to her Second Motion to Join Plaintiffs for the Court's consideration "[i]n the event that [her] request is accepted by the Court." (*Id*. at 2.)  The Court grants Plaintiff's Motion for Leave to Reply to the extent she asks the Court to consider her untimely reply in deciding her Second Motion to Join Plaintiffs. Having reviewed the relevant law and the parties' submissions, including Plaintiff's reply, the

Court finds that Plaintiff's Second Motion to Join Plaintiffs is not well taken and should be DENIED without prejudice.

On September 21, 2022, this Court entered its Order Setting Case Management Deadlines and Discovery Parameters in which it set an October 21, 2022 deadline for Plaintiff to move to amend pleadings and join additional parties. (Doc. 34 at 2.) Prior to the expiration of that deadline, on October 14, 2022, Plaintiff filed an untitled motion in which she asked the Court to "allow additional plaintiffs to this case," including John Alderete, Jr., Dominique Alderete, and Johnathan Daniel Alderete. (Doc. 36) ("Plaintiff's First Motion to Join Plaintiffs"). Beyond providing the names of these proposed additional plaintiffs, Plaintiff provided no additional information about the proposed parties or the claims they sought to assert. (*See id*.)

The Court denied Plaintiff's First Motion to Join Plaintiffs on October 19, 2022, on the basis that the motion did not comply with the District's Local Rules. (Doc. 37.) More specifically, the Honorable Jerry M. Ritter determined that the motion did not comply with D.N.M. LR-Civ. 7.4(a), because Plaintiff failed to "tell the Court why" it should add the proposed parties and did not indicate whether she had requested concurrence on the motion from Defendant. (*Id*. at 1-2.) Judge Ritter also noted that Plaintiff's First Motion to Join Plaintiffs did not comply with D.N.M. LR-Civ. 7.3(a) in that Plaintiff failed to provide legal justification or to cite legal authority to support her legal position. (*Id*. at 2). Characterizing Plaintiff's errors as ones of "form and procedure," the Court denied Plaintiff's First Motion to Join Plaintiff without prejudice, giving her until October 21, 2022 (i.e., the amendment deadline provided in the Court's Order Setting Case Management Deadlines) to file a new motion seeking to add plaintiffs that complied with the District's Local Rules. (*Id*. at 2-3.)

Shortly after the October 21, 2022 deadline for amending pleadings and adding parties, Plaintiff filed her Second Motion to Join Plaintiffs. (Doc. 38.) The Court construes this motion as a motion to join under Federal Rule of Civil Procedure 20. Under Rule 20, "[p]ersons may join in one action as plaintiffs" those who "assert any right to relief jointly, severally, or in the alternatively with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences" so long as there is a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20. "Trial courts have wide discretion as to joinder of parties. . . ." *Franklin v. Shelton*, 250 F.2d 92, 95 (10th Cir. 1957).

In her response to Plaintiff's Second Motion to Join Plaintiffs, Defendant argues that the motion should be denied as untimely. (Doc. 39 at 1-2.) She also insists that Plaintiff has, once again, failed to comply with the District's Local Rule 7.1, as she failed to discuss the motion with Defendant's counsel and failed to submit the motion to Defendant for approval or objection prior to filing. (*Id*.) Finally, she argues that the proposed additional plaintiffs "have not filed or pursued their administrative claim (SF-95) . . . [or] exhausted their administrative remedies." (*Id*.)

With respect to Defendant's argument that the proposed additional plaintiffs have not exhausted their administrative remedies, Plaintiff's position is difficult to follow. As best the Court can surmise, she contends that the Social Security Administration intercepted her own SF-95 and failed to assist, cooperate, or educate her regarding the administrative process. (*See* Doc. 54 at 5-6.) Plaintiff explains that "[i]n terms of Administrative remedies not being exhaust, the Plaintiff disagrees because of the countless requests made to the SSA to change the jurisdiction, protect our privacy, and to report misconduct of [her Social Security Administration] coworkers." (*Id*. at 6.) She asserts that "Plaintiff made more requests to count only to be ignored." (*Id*.) She does not,

however, contend that the proposed additional plaintiffs filed administrative claims or themselves participated in the administrative process. Nevertheless, the Court need not resolve the exhaustion issue in the context of its consideration of Plaintiff's Second Motion to Join Plaintiffs, as the motion is denied on other grounds.

First, the Court agrees with Defendant that Plaintiff's Second Motion to Join Plaintiffs fails to comply with the District's Local Rules. That is, it does not indicate whether Plaintiff sought concurrence from Defendant and it, again, fails to provide legal authority for the addition of the proposed plaintiffs. (*See* Doc. 38.) In contrast to her First Motion to Join Plaintiffs, Plaintiff attaches to the instant motion signed narratives from the proposed additional plaintiffs in which they describe their perceptions of Defendant's wrongs and the impact on themselves and their family members. (*See id.*) Plaintiff does not, however, attach a proposed amended complaint or otherwise outline the legal claims that the proposed additional plaintiffs seek to assert. Although she purports to set out the "[l]egal authority for the potential Co-Plaintiffs" in her proposed reply – asserting that her coworkers "intentionally abandoned their own Standard Code of Conduct" in allowing access and disclosure of information, "rebuked the Privacy Law," and "abused their positions to retaliate against all of the potential Plaintiffs" – these allegations do not constitute legal authority for joining the proposed additional plaintiffs, nor do they offer an adequate description of the claims for which the proposed plaintiffs assert they are entitled to relief. (*See* Doc. 54 at 3-4); *see also* Fed. R. Civ. P. 8(a)(2) (providing that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, the Court observes that two of the proposed additional plaintiffs identified by Plaintiff in her Second Motion to Join Plaintiffs are her children. (*See* Doc. 38 at 2-9.) In the

narrative pertaining to Johnathan Daniel Alderete, Plaintiff indicates that she is "writing on behalf of [her] son," which she identifies as a minor. (*Id*. at 2.) Dominique Alderete, Plaintiff's daughter, appears to have drafted her own narrative but does not indicate whether or not she is a minor.[1] (*See id*. at 4-9.) At minimum, Plaintiff appears to propose to represent her minor son, Jonathan Daniel Alderete, as a plaintiff in this action.

Federal Rule of Civil Procedure 17 allows a representative, such as a guardian, committee, conservator, or fiduciary, to sue or defend on behalf of a minor or an incompetent person. Fed. R. Civ. P. 17(c)(1). Moreover, "[a] minor or incompetent person who does not have a duly appointed represented may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). This does not mean, however, that a layperson may act as the lawyer of a minor, as Plaintiff apparently attempts to do in this case. "'[B]ecause *pro se* means to appear for one's self, . . . a person may not appear on another person's behalf in the other's cause[;]' rather, a 'person must be litigating an interest personal to [her].'" *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Although Rule 17(c) permits authorized representatives, including parents, to sue on behalf of minors, it does not "authorize[] a non-lawyer parent to represent his or her children pro se." *M.D.F. v. Indep. Sch. Dist. No. 50 of Osage Cty., Okla*., No. 09-CV-548-GKF-PJC, 2010 WL 2326260, at *1 (N.D. Okla. June 3, 2010) (unpublished). As the Tenth Circuit put it, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Here, there is no indication in the record that Plaintiff is an attorney licensed

---

[1] In her Motion for Leave to Reply, Plaintiff refers to "two minor children." (Doc. 54 at 4.)

to practice law. Insofar as she seeks to represent one or more of her minor children[2] as additional plaintiffs in this case, she is precluded from doing so without being represented by counsel.

As to the requests of John Alderete, Jr. and Dominique Alderete that they be made "co-plaintiff[s]" in this case, the Court cannot grant Plaintiffs motion based upon these proposed plaintiffs' narratives, as they do not specify what, if any, legal claims they seek to assert against Defendant. (*See* Doc. 38 at 3, 4-9.) Mr. Alderete expresses that he "feel[s] very violated[ and] disrespected" by the Social Security Administration and that he is "very disappointed with the agency and their lack of integrity towards [his] family and [him]." (*Id*.) Dominique Alderete, in turn, suggests that the Social Security Administration has "taken [her] mom away from [her]," has "caused animosity" between her parents, and has "broken [her] trust in justice." (Doc. 38 at 4-9.) The statements of John Alderete, Jr. and Dominique Alderete fail to "state with particularity the grounds and relief sought," D.N.M.LR-Civ.7.1(a), and they fail to provide support for granting Plaintiff's Second Motion to Join Plaintiffs.

As such, the Court will deny Plaintiff's request to join as additional plaintiffs John Alderete, Jr. and Dominique Alderete, to the extent that she is not a minor, without prejudice to the filing of a subsequent motion to join or motion to amend the complaint that complies with applicable procedural rules, demonstrates good cause for untimeliness, and is accompanied by a proposed amended complaint that sets out the proposed plaintiffs' legal claims. To the extent

---

[2] According to Federal Rule of Civil Procedure 17, a person's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Plaintiff's Second Motion to Join Plaintiffs does not state the domiciles of the proposed additional plaintiffs, but, assuming Plaintiff's children are domiciled in New Mexico, the corresponding New Mexico procedural rules indicate that they do not have capacity to bring their own claims until they reach age eighteen. *See Sanchez v. Torrance County Sheriff's Dep't*, No. 1:22-cv-00394-WJ, 2022 WL 16528411, at *1 (D.N.M. Oct. 28, 2022) (citing *Adams ex rel D.J.W*., 659 F.3d at 1300; NMRA Rule 1-017(C); N.M. Stat. Ann 1978, § 12-2A-3(B)).

Plaintiff seeks to join as plaintiffs any minor children, the Court denies Plaintiff's motion because it violates Federal Rule of Civil Procedure 17. Should Plaintiff and one or more of her minor children obtain legal counsel in this case, counsel representing those children may move to amend the complaint to assert claims on those children's behalf in a manner consistent with Rule 17 and applicable procedural rules.

IT IS THEREFORE ORDERED that Plaintiff's Request for Motion to Leave to Reply (Doc. 54) is GRANTED, and Plaintiff's Reply is considered herein;

IT IS FURTHER ORDERED that Plaintiff Monique Poncho-Alderete's Motion to Ask the Court to Accept Late Request to Allow Additional Plaintiffs to this Case (Doc. 38) is DENIED WITHOUT PREJUDICE.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
PRESIDING BY CONSENT