IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONIQUE PONCHO-ALDERETE,

    Plaintiff,

v.                                                                                        Civ. No. 22-153 KK/JMR

UNITED STATES GOVERNMENT,

    Defendant.

### ORDER REGARDING PLAINTIFF'S REQUESTS TO SEAL

THIS MATTER is before the Court on the requests to seal in Plaintiff's response (Doc. 65) to Defendant's Motion for Judgment on Plaintiff's Amended Complaint and Memorandum in Support (Doc. 63) ("Motion"). Specifically, in her response to the Motion, Plaintiff asks the Court to seal "this case" and the exhibits attached to the response. (Doc. 65 at 1; Doc. 65-1 at 1.) In support of her request to seal the case, Plaintiff cites "privacy and safety concerns for [her] and her family." (Doc. 65 at 1.) Similarly, in support of her request to seal the exhibits attached to her response, she states that the exhibits include "private information and sensitive content" about Plaintiff and "others." (Doc. 65-1 at 1.) Plaintiff indicates that Defendant takes no position on the issue of whether to seal the case. (Doc. 65 at 1.) She does not indicate Defendant's position with respect to her request to seal the exhibits to her response. (Doc. 65-1 at 1.)

Initially, the Court notes that, under Federal Rule of Civil Procedure 7, Plaintiff's requests should have been made "by motion," rather than in a response to a motion. Fed. R. Civ. P. 7(b)(1). Plaintiff is hereby cautioned that parties appearing before this Court, even those proceeding *pro se*, must follow the Federal Rules of Civil Procedure, as well as simple, nonburdensome local rules. *Clifford v. Dewbury Homes*, No. 22-4090, 2023 WL 2172323, at *3 (10th Cir. Feb. 23, 2023);

*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

Regarding the substance of Plaintiff's requests to seal, Federal Rule of Civil Procedure 5.2 provides that, with certain exceptions that appear inapplicable here, documents filed in this Court "may include only: (1) the last four digits of [a] social-security number [or] taxpayer-identification number; (2) the year of [an] individual's birth; (3) [a] minor's initials; and (4) the last four digits of [a] financial-account number." Fed. R. Civ. P. 5.2(a). "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

More broadly, however, "[c]ourts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access … particularly … where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). Trial courts must also

"consider whether selectively redacting just the … sensitive, and previously undisclosed, information from the sealed … documents and then unsealing the rest" would adequately protect the privacy interests at stake. *Pickard*, 733 F.3d at 1304.

Here, except for the information required to be omitted under Rule 5.2, Plaintiff has not shown that her interest in keeping this case or her exhibits confidential outweighs the strong public interest in access to judicial records, particularly where the Court may rely on the exhibits in deciding the parties' substantive rights. The Court therefore DENIES Plaintiff's request to seal this case. Further, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request to seal the exhibits attached to her response, as follows. Plaintiff's original response and attached exhibits (Doc. 65) shall remain permanently under seal. However, the Clerk's Office is hereby DIRECTED to redact from the exhibits the information in them that is protected by Federal Rule of Civil Procedure 5.2, and to file the redacted version of the response and attached exhibits in the public record.

Plaintiff is cautioned that, in the future, the Court will not direct the Clerk's Office to redact information that is protected by Rule 5.2 from her filings. Rather, the Court will expect Plaintiff to make any redactions that are proper under the rule.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE