IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONIQUE PONCHO-ALDERETE,

      Plaintiff,

      v.                                     Civ. No. 22-153 KK/JMR

UNITED STATES OF AMERICA,

      Defendant.

## ORDER DENYING MOTION FOR LEAVE TO FILE SURREPLY

Before the Court is Plaintiff's Motion to Request Leave of Court for the Plaintiff to Sur-reply to the Defendant's Reply Brief (Doc. 70) ("Motion"), filed July 28, 2023. Defendant responded in opposition to the Motion on August 7, 2023. (Doc. 72.) The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise sufficiently advised, finds that the Motion is not well-taken and should be DENIED.

This Court's Local Civil Rules "do not allow the parties to endlessly submit briefing on a particular motion." *Amaro v. New Mexico Corr. Dep't*, Civ. No. 20-1308, 2022 WL 22289047, at *2 (D.N.M. Jan. 25, 2022) (citing D.N.M.LR-Civ. 7). Rather, "the rules anticipate that the moving party will file a motion, the non-moving party … will file a response, and the moving party [may] file a reply." *Id.* Thus, "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b).

The decision whether to grant a party leave to file a surreply is within the Court's sound discretion. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). However, "when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving

party should be granted an opportunity to respond." *Beaird*, 145 F.3d at 1164; *see also, e.g., Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1183 (D.N.M. 2015) (granting motion for leave to file surreply where movant raised new arguments in reply brief).

In her Motion, Plaintiff seeks leave to file a surreply to Defendant's Motion for Judgment on Plaintiff's Amended Complaint (Doc. 63), filed June 23, 2023. (Doc. 70.) In support, Plaintiff makes two arguments. First, she argues that a surreply is warranted because "there is still much confusion between [the] parties," and a surreply would "therefore … add substance and additional factual weight in order to compel the [C]ourt to continue [her] case." (*Id.* at 1.) Second, Plaintiff contends that Defendant's dispositive motion "appears to be … an effort to side step the discovery process" and that, at the time she filed her Motion, Defendant had failed to produce evidence that Plaintiff was seeking by way of a then-pending motion to compel. (*Id.*)

Both of Plaintiff's arguments suffer from the same fatal deficiency, that is, a complete lack of specificity. Regarding her first argument, Plaintiff makes no effort to identify the nature of the "confusion" between the parties or the "substance and additional factual weight" that, if submitted in a surreply, would compel the Court to deny Defendant's dispositive motion. (*Id.*) Likewise, regarding her second argument, Plaintiff makes no effort to identify the discovery she still needs before she can fully and effectively respond to the motion.[1] (*Id.*)

---

[1] The Court notes that Defendant brings its dispositive motion under Federal Rules of Civil Procedure 12(b)(1), 12(c), and 56, (Doc. 63 at 1), and that a party may need to attach evidence exchanged during discovery to its response to a Rule 12(b)(1) or Rule 56 motion. *See Ratheal v. United States*, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (Rule 12(b)(1) challenge to subject matter jurisdiction can be either facial or factual, and "[a] factual attack goes beyond allegations in the complaint and challenges the facts on which subject matter jurisdiction depends"); Fed. R. Civ. P. 56(c)(1)(A) (on summary judgment, party asserting that a fact cannot be or is genuinely disputed may support assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, … admissions, interrogatory answers, or other materials"). In this regard, the Court notes that Plaintiff's Motion falls well short of complying with the robust requirements of Rule 56(d), pursuant to which the Court can grant appropriate relief "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a

More broadly, the Court notes that Plaintiff has already been given the opportunity to respond to the arguments and evidence in Defendant's dispositive motion and has availed herself of that opportunity in her response to the motion. (*See* Doc. 65.) Moreover, in seeking leave to file a surreply, Plaintiff does not identify any arguments or evidence raised for the first time in Defendant's reply (*see* Doc. 68), nor does the Court discern any such novelty. *Beaird*, 145 F.3d at 1164.

For these reasons, Plaintiff's Motion to Request Leave of Court for the Plaintiff to Sur-reply to the Defendant's Reply Brief (Doc. 70) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

summary judgment motion. Fed. R. Civ. P. 56(d); *see Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) ("[A] non-movant requesting additional discovery under Rule 56(d) must specify in [an] affidavit (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.") (quotation marks omitted).